IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| AARON WOMACK, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 7:19-cv-000074 |
| SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. and SPN WELL SERVICES f/k/a INTEGRATED PRODUCTION SERVICES, INC., | § § § § § § | JURY TRIAL DEMANDED FLSA COLLECTIVE ACTION |
| Defendants. | § | |

**<u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendants Superior Energy Services – North America Services, Inc. ("Superior") and SPN Well Services f/k/a Integrated Production Services, Inc. ("SPN") respectfully request that this Court dismiss Plaintiff's First Amended Complaint[1] for the reasons stated below.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff originally asserted a claim under the Fair Labor Standards Act ("FLSA") for alleged unpaid overtime on behalf of himself and a purported class of: "[a]ll Flowback Operators who worked for, or on behalf of [Defendants], who were classified as independent contractors and paid a day rate during the last 3 years."[2] Defendants timely filed a motion to dismiss requesting dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 12(b)(5),[3] and Plaintiff then filed a First Amended Complaint.[4] Because Plaintiff's First Amended Collective

---

[1] Docket No. 9.
[2] Docket No. 1.
[3] Docket No. 7.
[4] Docket No. 9.

1

Action Complaint ("First Amended Complaint") again fails to state a claim for which relief may be granted, Defendants now timely file this Motion to Dismiss Plaintiff's First Amended Complaint ("Motion").

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead sufficient facts to support a claim that is plausible on its face.[5] A claim has facial plausibility when Plaintiff pleads specific facts that, if true, would allow the court to draw the reasonable inference that the defendant is liable to the plaintiff.[6] The plausibility standard requires more than the mere *possibility* that the defendant has acted unlawfully and must "raise a right to relief above the speculative level."[7] A pleading that offers mere labels, legal conclusions, or formulaic recitation of the elements of a cause of action is not sufficient.[8] Nor will a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement."[9] Although courts interpret specific factual allegations in the light most favorable to Plaintiff, courts do not assume the truth of "conclusory" legal assertions in the complaint, or allegations that are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual."[10] Plaintiff must plead *specific facts* in support of his claims to avoid dismissal under Fed. R. Civ. P. 12(b)(6).[11]

---

[5] *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[6] *Id.*
[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Montoya v. FedEx Ground Package System,* 614 F.3d 145, 148 (5th Cir. 2010).
[8] *Id.*
[9] *Id.*
[10] *Id.* at 442 (citing *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011)); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).
[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III.   LEGAL ARGUMENT

**a. Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to plead any specific facts supporting his claim of joint employment.**

**i. Courts require plaintiffs to plead facts explaining the joint employment relationship.**

Plaintiff brings this action for unpaid overtime for himself and others similarly situated. The FLSA imposes various pay obligations on employers with respect to their employees,[12] and the existence of an employer-employee relationship is an essential element of an FLSA claim for unpaid overtime.[13] To determine whether an entity or individual is an "employer" under the FLSA, the Fifth Circuit applies the "economic realities" test, which asks whether the alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.[14] An employee may be *jointly* employed when, for example, the employee's work simultaneously benefits multiple employers; one employer is acting directly or indirectly in the interest of the other employer in relation to the employee; or one employer controls, is controlled by, or is under common control with the other employer."[15]

When an FLSA plaintiff claims to have been employed by multiple entities or individuals, the Fifth Circuit requires him to plead specific facts in his complaint demonstrating that each defendant meets the necessary elements of the joint employment "economic realities" test and explaining how the joint employment functions were divided among the alleged joint employers.[16]

---

[12] 29 U.S.C. § 203(d).
[13] *See, e.g., Johnson v. Heckman Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).
[14] *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014).
[15] 29 C.F.R. § 791.2(a).
[16] *See, e.g., Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.) (dismissing plaintiff's FLSA claims against two defendants because Plaintiff failed to assert any factual allegations supporting economic realities test and noting general references to "defendants'" actions were not enough); *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.) (Plaintiff failed to plead "factual allegations as to how the events that gave rise to this lawsuit were

Jointly employed FLSA plaintiffs *must* plead specific facts supporting the elements of the economic realities test with respect to each alleged employer and describing the alleged joint employment relationship to avoid dismissal under Fed. R. Civ. P. 12(b)(6).[17]

Here, Plaintiff pleads explicitly that he was staffed to Defendants by third-party entities and that Defendants were his joint employers along with the unidentified third-party entities,[18] none of whom have been named as defendants in this lawsuit. Nothing in Plaintiff's Complaint even *identifies* all of the alleged third-party staffing companies (with the exception of Energy Professionals Group)—let alone provides any detail regarding the relationship between those companies and Defendants or between the companies and Plaintiff. Far from pleading specific facts explaining how these alleged joint employment relationships worked, Plaintiff instead offers the Court a rote recitation of the legal elements of the economic realities test. Even between the two named Defendants, Plaintiff entirely fails to identify which alleged employer played which role—instead conclusorily reciting the elements of the economic realities test without any facts whatsoever differentiating the involvement of Defendants.[19] Multiple courts have dismissed similarly conclusory pleadings with vague, undifferentiating references to "Defendants" in joint employment cases.[20] For example, the Court in *Escobedo* dismissed the plaintiff's complaint after

---

allocated [among] the [four] defendants . . . [or] how [their] employment was handled generally"); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J.) (granting motion to dismiss due to Plaintiff's failure to set forth facts to support showing that each defendant was his employer); *Lee v. Dish Network, L.L.C.,* No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.) (granting motion to dismiss on joint employer issue where Plaintiff failed to allege adequate facts to support allegation that defendants were joint employers); *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) (Miller, J.) (granting motion to dismiss because Plaintiff had not "offered any allegations that would permit the court to determine how they believe the multitude of named defendants could all qualify as employers under the FLSA").

[17] *Id.; see also Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 (S.D. Tex. July 21, 2016); *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

[18] Dkt. No. 9 at ¶¶ 3, 31, 32, 33.

[19] *Id.* at ¶¶ 27-75.

[20] *See, e.g., Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.); *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D.

he failed to plead "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [four] defendants."[21]

### ii. Plaintiff cannot avoid his pleading obligations merely because he has not sued each alleged joint employer.

Plaintiff argued in his Response to Defendant Superior's Motion to Dismiss his Original Complaint that he was not required to meet these joint employment pleading obligations because he has not sued every alleged joint employer in this lawsuit.[22] Plaintiff cites to a single district case in support of this proposition, which is inapplicable—*Moreno v. EDCare Management, Inc.*, 243 F.R.D. 258, 260-61 (W.D. Tex. 2007). However, the court in *Moreno* does not reach any such conclusion. The sole issue before the *Moreno* court was whether the plaintiff was required to join a possible joint employer as a necessary party under Fed. R. Civ. P. 19.[23] Moreover, the plaintiff in *Moreno* did not plead (or even admit) that he had been jointly employed.[24]

That is not the issue here. Defendants do not argue that Plaintiff should join his alleged joint employers as necessary parties to his lawsuit. Plaintiff *should*, however, be required to plead a plausible claim for relief under Rule 12(b)(6), and the case law cited above consistently holds that FLSA plaintiffs who explicitly plead joint employment must plead specific facts explaining the joint employment relationship to survive a motion to dismiss under Rule 12(b)(6).[25] Here,

---

Tex. Mar. 31, 2014) (Miller, J.); *Lee v. Dish Network, L.L.C.,* No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.);; *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) (Miller, J.); *Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 (S.D. Tex. July 21, 2016); *Joaquin v. Coliseum Inc.*, 2016 WL 3906820 (W.D. Tex. July 13, 2016).

[21] *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.)

[22] Docket No. 10 at 2-3.

[23] *Moreno v. EDCare Management, Inc*., 243 F.R.D. 258, 260-61 (W.D. Tex. 2007).

[24] *Id.*

[25] *See, e.g., Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.); *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J.); *Lee v. Dish Network, L.L.C.,* No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.);; *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057

Plaintiff explicitly pleads in his First Amended Complaint that he was jointly employed by Defendants and third-party entities, but fails to plead any facts explaining the details and nature of those relationships.[26]

Plaintiff further argued in his earlier Response that the cases cited by Defendants involve instances where the plaintiff had sued all alleged joint employers.[27] He fails to acknowledge, however, that none of those decisions' reasoning turns on the fact that all joint employers were defendants in the case or otherwise indicates that whether all joint employers are parties to the lawsuit could alter a plaintiff's joint employment pleading requirements.[28] Moreover, Plaintiff has failed to identify even one case indicating that an FLSA plaintiff may avoid joint employment pleading requirements by selectively suing only some of his alleged joint employers.

Plaintiff's argument in his earlier Response that the Court need only consider individual relationships between himself and individual Defendants, and not with his other alleged joint employers or between the Defendants, would eviscerate the joint employment cases cited above—which hold that the exact nature of the joint employment relationship (including the division of roles among alleged joint employers) must be affirmatively pleaded.[29] Because Plaintiff has failed to meet this burden, his First Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a plausible claim for relief.

---

(S.D. Tex. Nov. 19, 2010) (Miller, J.); *Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 (S.D. Tex. July 21, 2016); *Joaquin v. Coliseum Inc.*, 2016 WL 3906820 (W.D. Tex. July 13, 2016).
[26] *See* Docket No. 9 at ¶¶ 3, 31, 32, 33.
[27] Docket No. 10 at 2-3.
[28] *See, e.g., Aaron v. LeDay*, No. 4:13-CV-01716, 2013 WL 5936623, *1 n.2, 10 (S.D. Tex. Nov. 5, 2013) (Ellison, J.); *Escobedo v. Metal Protective Coating Professionals, Inc*., No. 4:13-CV-02405, 2013 WL 6504675, at *2 (S.D. Tex. Dec.11, 2013) (Ellison, J.); *Howard v. John Moore, LP*, No. 4:13-CV-01672, 2014 WL 1321844, at *3 (S.D. Tex. Mar. 31, 2014) (Miller, J.); *Lee v. Dish Network, L.L.C.,* No. 4:13-CV-02088, 2013 WL 6057844, at *3 (S.D. Tex. Nov. 15, 2013) (Atlas, J.); *Kaminski v. BWW Sugar Land Partners*, No. 4:10-CV-00551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) (Miller, J.); *Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 (S.D. Tex. July 21, 2016); *Joaquin v. Coliseum Inc.*, 2016 WL 3906820 (W.D. Tex. July 13, 2016).
[29] *Id.*

      b. **Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to plead specific facts supporting a plausible *prima facie* FLSA claim against the named Defendants.**

          i. **Elements of a *prima facie* FLSA claim.**

A *prima facie* FLSA claim for unpaid overtime requires a showing that: (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.[30] Under Rule 12(b)(6), a plaintiff must plead specific facts demonstrating at least a plausible claim for relief under this standard.

          ii. **Plaintiff has not met this threshold even in his First Amended Complaint.**

First, as described above, Plaintiff entirely fails to differentiate between his alleged joint employers in his First Amended Complaint, such that it is unclear from the face of the complaint which Defendant Plaintiff alleges performed which action—let alone what role the unnamed third-party employers allegedly played.[31] Plaintiff instead merely conclusorily recites the elements of the economic realities test without any specific facts. Plaintiff has further failed to plead specific facts demonstrating the fourth prong of his claim: the amount of overtime compensation allegedly due. It is not sufficient notice under Rules 8 or 12(b)(6) for an FLSA plaintiff to plead vaguely that he or she "frequently" or "routinely" worked overtime hours and that he or she was not paid properly for those hours. Instead, plaintiffs must plead specific facts including "dates they claim

---

[30] *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627 (5th Cir. 2014).
[31] Docket No. 9.

7

they were not properly paid, their pay rates, and the approximate amounts owed."[32]  As the Second Circuit Court of Appeals explained, a plaintiff will not avoid dismissal by merely pleading that he worked more than forty hours in a week and was not paid overtime.[33] Such barebones allegations are nothing more than a conclusory reflection of the language of the statute.

### c. Dismissal is appropriate under Rule 12(b)(6) because Plaintiff has failed to plead specific facts demonstrating the existence of his proposed class and that he is a proper class representative.

#### i. Even at the pleading stage, FLSA plaintiffs must plead sufficient facts to demonstrate the plausibility of the proposed collective class.

When FLSA plaintiffs fail to plead specific facts sufficient to support collective action allegations as to members of a proposed class, their collective action claims may be subject to dismissal under Rule 12(b)(6).[34] In fact, **a majority of courts** have found that a Rule 12(b)(6) analysis of class allegations is appropriate, even when the plaintiff has not yet filed a motion for conditional certification.[35] Class allegations that are merely legal conclusions are insufficient and may be dismissed under Rule 12(b)(6).[36] Thus, for example, a court may dismiss a collective action FLSA claims when "Plaintiffs' nebulous class definition, without any facts showing job identifications, duties, and responsibilities of such a wide and presumably disparate putative class members, fails to state a class of similarly situated individuals under *Twombly* and *Iqbal*."[37] Pleadings asserting vaguely that a class of individuals are "similarly situated" are insufficient

---

[32] *Longoria v. KHM Rentals, LLC*, No. SA-13-CA-1143-FB, 2015 WL 12734176 at *3 (W.D. Tex. July 27, 2015); see also *Cook v. Flight Servs. and Systems Inc.*, No. 16-15759, 2017 WL 1407808 (E.D. La. Apr. 20, 2017) (holding plaintiff's complaint was deficient for failure to provide the "approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claimed he was undercompensated").
[33] *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 86 (2d Cir. 2013).
[34] *See, e.g., Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 at *22 (S.D. Tex. July 21, 2016).
[35] *Huchingson v. Rao*, 2015 WL 1655113 at *3 (W.D. Tex. Apr. 14, 2015); *see also Zanders v. Wells Fargo Bank, N.A.,* No. 4:14-cv-00288-JEG, 2014 WL 5439298 at *12 (S.D. Iowa Oct. 28, 2014); *Dyer v. Lara's Trucks, Inc.*, No. 1:12-cv-1785-TWT, 2013 WL 609307 at *3 (N.D. Ga. Feb. 19, 2013); *Creech v. Holiday CVS, LLC*, No. Civ. A. 11-46-BAJ-DLD, 2012 WL 4483384 at *2-3 (M.D. La. Sept. 28, 2012).
[36] *Id.*
[37] *Trevino v. RDL Energy Servs., L.P.*, 2016 WL 11477431 at *22 (S.D. Tex. July 21, 2016).

without additional specific allegations concerning the individuals' job duties or pay provisions.[38] Pleadings are also insufficient when a court cannot identify which individuals the plaintiff seeks to include in the proposed class.[39]

### ii. Plaintiff has failed to meet his burden to plead a plausible collective action.

In the present case, Plaintiff pleads that he wishes to represent a class of "[a]ll Flowback Operators who worked for, or on behalf of [Defendants], who were classified as independent contractors and paid a day rate during the last 3 years."[40] He admits on the face of his First Amended Complaint, however, that both he and other purported class members were jointly employed by Defendants and unidentified third-party entities[41] and that members of the proposed class may have held different job titles with different job duties.[42] Nothing in Plaintiff's First Amended Complaint even *identifies* the third-party entities (other than Energy Professionals Group) who allegedly employed various members of the purported class. Plaintiff further fails to identify the purported class members' job titles, job duties, their well site or work location, and even the basis of Plaintiff's conclusory assertion that all members of the purported class performed "similar work" and were otherwise "similarly situated."[43]

Far from pleading specific facts sufficient to support a plausible collective action proceeding under the FLSA, Plaintiff instead has pleaded specific facts tending to show that his collective action claims are *not* plausible under Rule 12(b)(6). For example:

---

[38] *St. Croix v. Genetech, Inc.*, No. 8:12-cv-891-T-33EAJ, 2012 WL 237668 at *2-3 (M.D. Fla. June 22, 2012).
[39] *Dyer*, 2013 WL 609307 at *4.
[40] Docket 9.
[41] *Id.*
[42] *Id.*
[43] *Id.*

- Plaintiff explicitly pleads that class members are staffed through multiple different third-party staffing companies, despite Fifth Circuit case law denying conditional certification in cases where the purported class members are independent contractors providing services to a defendant through different staffing companies.[44]

- Plaintiff explicitly pleads that some members of his purported class may have held different job titles with different "precise job duties," despite Fifth Circuit case law requiring that class representatives and class members must be "similarly situated in terms of job requirements" to avoid problems inherent in a highly individualized independent contractor analysis.[45]

- Plaintiff explicitly pleads a proposed class definition not limited by geographic location *without* any accompanying specific facts demonstrating that the same pay policies applied to all locations, despite Fifth Circuit case law holding that company-wide certification of a collective action is inappropriate without facts demonstrating that the same overtime policies applied at multiple locations.[46]

Moreover, Plaintiff has not pleaded facts sufficient to show that he is an adequate class representative. For example, Plaintiff proposes a class of individuals allegedly employed within the past 3 years, but also explicitly pleads that he personally performed work for Defendants only from September 2017 through February 2018.[47] He has pleaded no facts demonstrating that his

---

[44] *See, e.g., White v. KSW Oilfield Rental, LLC*, 2018 WL 609178 (S.D. Tex. Nov. 16, 2018) (denying conditional certification of proposed class of oilfield personnel provided to defendant through multiple different staffing companies with whom defendant had differing relationships and agreements).

[45] *See, e.g., Smith v. M-I, LLC*, 2018 WL 3866624 at *3 (W.D. Tex. Aug. 14, 2018) (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) and *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010)).

[46] *See, e.g., Blake v. Hewlett-Packard Co.*, No. 4:11-cv-592, 2013 WL 3753965 at *12 (S.D. Tex. Jul. 11, 2013); *Ali v. Sugarland Petrol.*, 2009 WL 5173508 at *5 n. 4 (S.D. Tex. 2009); *McCloud v. McClinton Energy Grp., LLC*, No. 7:14-cv-120, 2015 WL 737024 at *8 (W.D. Tex. Feb. 20, 2015).

[47] Docket 9.

alleged employment was similar to the alleged employment of individuals who performed work for Defendants before September 2017 or after February 2018. Nor has Plaintiff pleaded any specific facts demonstrating that he is similarly situated to proposed class members who worked at different well sites and geographic locations.

Plaintiff has identified only one of the alleged third-party joint employers: Energy Professionals Group. Even if this court finds that Plaintiff is an appropriate class representative for individuals staffed to Defendants by Energy Professionals Group regardless of location or work site (which Defendants deny), Plaintiff still has not pleaded any facts showing he is an appropriate class representative for individuals staffed to Defendants by other third-party entities.

Plaintiff's argument in his prior Response that these issues are better considered at the conditional certification stage misses the point. This is a standing issue. Defendants are not arguing that Plaintiff must produce evidence to meet his conditional certification burden in his First Amended Complaint or asking this Court to decide that issue. However, Plaintiff at least must plead specific facts showing that he is qualified to represent all members of the proposed class and indicating that conditional certification would be <u>plausible</u> if those allegations were taken as true. On its face, Plaintiff has not pleaded facts which, even taken as true, indicate that he is an appropriate class representative and similarly situated to purported class members with different job titles, different job duties, and different staffing company joint employers at different well sites and different work locations.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a plausible claim for relief.

Respectfully submitted,

/s/ *Mark A. McNitzky*
Andrew P. Burnside, TX Bar No. 24061200
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648.3840
Facsimile: (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

Mark A. McNitzky, TX Bar No. 24065730
Ogletree, Deakins, Nash, Smoak& Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702
Email: mark.mcnitzky@ogletreedeakins.com

**OF COUNSEL:**
Samantha Seaton, Texas Bar No. 24088382
S.D. Tex No. 2182853
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. d/b/a INTEGRATED PRODUCTION SERVICES, INC.**

**CERTIFICATE OF SERVICE**

On this 23rd day of May 2019, I electronically transmitted the foregoing using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

                                          */s/ Mark A. McNitzky*
                                    Andrew P Burnside/Mark A. McNitzky/Samantha Seaton

                                                          38536299.5
                                                         030979.000040