IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| AARON WOMACK, individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § § | |
| vs. § | Civil Action No. 7:19-cv-000074DC-RCG |
| § | |
| SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. and SPN WELL SERVICES f/k/a INTEGRATED PRODUCTION SERVICES, INC., § § § § § § | JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION |
| Defendants. § | |

**DEFENDANTS' MOTION IN *LIMINE* TO PREVENT CONSIDERATION OF "COOKIE CUTTER" DECLARATIONS FILED IN SUPPORT OF CONDITIONAL CERTIFICATION**

Defendants Superior Energy Services – North America Services, Inc. and SPN Well Services, Inc. respectfully move the Court to disregard Plaintiff's "cookie cutter" declarations[1] filed in support of Plaintiff's Renewed Motion for Conditional Certification and Court-Authorized Notice ("Motion")[2] on the grounds that the testimony contained in those declarations is not credible.

**I.     INTRODUCTION.**

Named Plaintiff, Andrew Womack, swears to this Court under penalty of perjury that the personal testimony presented in his sworn declaration – testimony rife with legalese and statutory patter – is true and correct even though all 24 paragraphs are a verbatim reproduction of the testimony of opt-in plaintiffs Johnny Johnson and Donald Rodriguez, who also swear under

---

[1] The declarations filed at Docket Nos. 22-1, 22-2, and 22-3 are identical.
[2] Docket No. 22.

penalty of perjury that their identical testimony is true and correct.[3]  In other words, to make the "minimal showing" that Plaintiff claims he owes to the Court at the conditional certification stage,[4] Plaintiff asks the Court to shut its eyes and set aside reasonable judgment under the theory that the lenient standard under *Lusardi v. Xerox Corp.*[5] requires district courts to ignore not only the admissibility but also the *credibility* of sworn testimony.

*Lusardi,* however, does not require district courts to suspend disbelief.[6]  Though district courts in the Fifth Circuit do not hold evidence submitted in support of conditional certification to the same admissibility standards as evidence submitted on summary judgment or presented to a jury, district courts are not required to base a ruling on facially implausible and self-impeaching testimony.  Indeed, district courts have increasingly declined to consider carbon copy declarations as sufficient to justify conditional certification.[7]

Here, Plaintiff's attempt at a "minimal showing" amounts only to lawyer-drafted verbiage that has no future in the litigation other than to be introduced as prior inconsistent statements demonstrating, at the very least, that the declarants swore to the veracity of testimony that is simply

---

[3]  *See* Docket Nos. 22-1, 22-2, and 22-3.  The only apparent variation among the declarations is the addition of a different supervisor names in ¶ 6 of Womack's and Rodriguez's declarations.

[4]  Docket No. 22, p. 5 (citing *Bradbury, et al. v. Transglobal Services, LLC*, et al., Civ. A. No. 7:18-cv-00036-DC, 2018 WL3603078 at *3 (WD. Tex. June 16, 2018)).

[5]  118 F.R.D. 351 (D.N.J. 1987).

[6]  "Although a plaintiff's burden at the notice stage is 'not onerous, neither is it invisible.'" *Smith v. M-I, LLC*, No. 5-17-CV-00788-FB-RBF, 2018 WL 3866624, at *3 (W.D. Tex. Aug. 14, 2018) (denying conditional certification under *Lusardi* and noting the use of an inadequate "identical" affidavit.)

[7]  *See Bernstein v. Buckeye, Inc.*, No. MO:18-CV-097-DC-RCG, 2019 WL 2563848, at *5 (W.D. Tex. Mar. 18, 2019), *report and recommendation adopted as modified*, No. 18-CV-097-DC, 2019 WL 2563841 (W.D. Tex. Apr. 24, 2019) (Certification denied where plaintiffs submitted "nearly identical, and sparse, declarations"); *Smith*, 2018 WL 3866624, at *3; *Parker v. Silverleaf Resorts, Inc.*, No. 3:14-CV-2075-B, 2017 WL 1550522, at *6 (N.D. Tex. May 1, 2017) (Limiting scope of class to opt-in plaintiffs' personal knowledge where plaintiff submitted identical affidavits); *Diaz v. Castro*, 122 F. Supp. 3d 603, 616 (S.D. Tex. 2014) (denying certification where affidavits were identical despite being from three different workers); *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. CIV.A. 11-2777, 2013 WL 6072702, at *21 (E.D. La. Nov. 18, 2013) (denying class certification where plaintiffs submitted "lawyer-drafted" declarations); *Dominguez v. AD Towing*, No. EP-09-CV-060-DB, 2009 WL 10700199, at *3 (W.D. Tex. Dec. 29, 2009) (denying certification - "Plaintiffs submit identical Declarations that contain the same 'boiler-plate' averment").

not their own.  Thus, this Court should discourage the use of "cookie cutter" declarations in FLSA collective actions and give Plaintiffs' declaration no weight.

## II.  PLAINTIFF SUBMITTED ONLY IDENTICAL, LAWYER-DRAFTED DECLARATIONS IN SUPPORT OF CONDITIONAL CERTIFCATION.

This is a Fair Labor Standards Act ("FLSA") lawsuit for allegedly unpaid overtime originally filed by Plaintiff Womack on behalf of himself and a purported class of contract Flowback Operators on March 18, 2019.[8]  On August 5, 2019, Plaintiff filed a Renewed Motion for Conditional Certification seeking certification of a class of: "[a]ll Flowback Operators who worked for, or on behalf of Defendants, who were classified as independent contractors and paid a day rate during the last three (3) years."[9]

In support of his certification motion, Plaintiff filed affidavits for Andrew Womack, Johnny Johnson, and Donald Rodriguez that are identical to the word.[10]  In addition, the identical declarations deploy numerous terms of legal art and frequently repeat legal conclusions.  Plaintiff claims that Defendants "classified him as an independent contractor" but acted as his "employer" and recites all the legal elements of the FLSA's "employer" test and the administrative, executive, and professional exemptions without relating any facts personal to Plaintiff.[11]  Plaintiff advises the court he was not paid on a "salary-basis," that other Flowback operators were also misclassified, and even makes some recommendations for the Section 16(b) notice process.[12]  Noticeably absent from Plaintiff's declaration, and the identical opt-in declarations, are any unique pieces of

---

[8]     Docket Nos. 1, 9.  Opt-in plaintiffs Johnny Johnson and David Rodriguez filed consents to join on July 8, 2019.  Docket No. 18.

[9]     Docket No. 22.

[10]    Docket Nos. 22-1, 22-2, and 22-3.  For example, paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 in all three (3) documents are identical.

[11]    Docket No. 22-1, ¶¶ 3-4, 9-13.

[12]    Docket No. 22-1, ¶¶ 8, 13, 23.

3

information to distinguish the declarants or suggest that the declarations are based on personal knowledge.

### III. THE COURT CANNOT CONSIDER PLAINTIFF'S DECLARATIONS AS EVIDENCE SUPPORTING CONDITIONAL CERTIFICATION BECAUSE THEY ARE NOT CREDIBLE.

#### A. The Court Should Ignore Declarations That Are Not Based on Personal Knowledge.

Although district courts in the Fifth Circuit do not require plaintiffs to present evidence that would meet all of the requirements of Rule 56(e) at the conditional certification stage, declarations submitted to support a conditional certification motion must be based on personal knowledge. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 762 (N.D. Tex. 2013). *See also Parker v. Silverleaf Resorts, Inc.*, No. 3:14-CV-2075-B, 2017 WL 1550522, at *6 (N.D. Tex. May 1, 2017) (limiting scope of class to opt-in plaintiffs' personal knowledge where plaintiff submitted identical affidavits.) In other words, in stage one of the *Lusardi* analysis, district courts can reserve the question of admissibility for later in the litigation but still must address the issue *credibility. See Lee*, 980 F. Supp. 2d 754, 760. For example, in *Diaz v. Castro,* Judge Harmon denied conditional certification for lack of evidence from the plaintiffs noting that "all three affidavits are identical despite being from three different workers[.]" 122 F. Supp. 3d 603, 616 (S.D. Tex. 2014). Likewise, in *Marshall v. Eyemasters of Texas, Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011), the district denied conditional certification where supporting declaration were "largely identical" because they did not evince sufficient personal knowledge.

Indeed, despite the ostensibly lenient standard for conditional certification, numerous other district courts have refused to accept form declarations as evidence that putative class members are similarly situated. *See Bernstein v. Buckeye, Inc.,* 2019 WL 2563848, at *5 (W.D. Tex. Mar. 18, 2019), *report and recommendation adopted as modified*, 2019 WL 2563841 (W.D. Tex. Apr.

4

24, 2019) (Certification denied where plaintiffs submitted "nearly identical, and sparse, declarations"); *Smith*, 2018 WL 3866624, at *3 (certification denied where Plaintiff's counsel submitted identical declarations); *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, No. CIV.A. 11-2777, 2013 WL 6072702, at *21 (E.D. La. Nov. 18, 2013) (denying class certification where plaintiffs submitted "lawyer-drafted" declarations); *Dominguez v. AD Towing*, No. EP-09-CV-060-DB, 2009 WL 10700199, at *3 (W.D. Tex. Dec. 29, 2009) (denying certification - "Plaintiffs submit identical Declarations that contain the same 'boiler-plate' averment"); *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) ("The affidavits contain nothing to establish that the plaintiffs have personal knowledge of those matters as they pertain to any other driver.")

Here, Plaintiff's declarations are not just "largely identical" or "nearly identical" like the declarations in *Marshall* or *Bernstein*, they are precisely identical. The three declarants even having matching paragraphs describing the identical number of overtime hours they worked each work, 44, which strains credulity.[13] As the district court pointed out in *Diaz*, identical testimony from three different workers is not competent evidence. *Diaz,* 122 F. Supp. 3d at 616. At every stage, Plaintiff's personal knowledge is admissible evidence in this case. *See* Fed. R. Civ. P. 602. The Court should view Plaintiff's decision withhold his personal knowledge, and the knowledge of the opt-ins, in favor of supplanting it with a form affidavit with great suspicion and accord it no weight.

**B.     Plaintiff Must Do More Than Submit "Cookie Cutter" Declarations to Conditionally Certify A Class.**

Plaintiff may argue that his burden is so low at conditional certification that "cookie cutter" declarations are sufficient and cite to one of the handful of decisions within the Fifth Circuit in

---

[13]     *See* ¶ 17 of Docket Nos. 22-1, 22-2, and 22-3. Each declarant claims to have worked precisely 44 hours of overtime each week.

which district courts declined to grant a defendant's motion to strike such an affidavit.  As a threshold issue, as stated above, Plaintiff's declarations are not simply similar to each other with some boilerplate and attorney language; they are identical to the word.

In addition, district courts in the Fifth Circuit, as a practical matter, require some factual basis to the plaintiff's allegations that a collective action is warranted before granting notice and conditional certification.  *Simmons v. T-Mobile USA, Inc.*, No. CIV A H-06-1820, 2007 WL 210008, at *4 (S.D. Tex. Jan. 24, 2007) (citing *Aguirre v. SBC Communications, Inc.,* 2006 WL 964554, at *5 (S.D.Tex. Apr.11, 2006) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983) ("plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed")); *Bursell v. Tommys Seafood Steakhouse, et al*, 2006 WL 3227334, *2 (S.D.Tex. Nov.3, 2006); *Hall v. Burk*, 2002 WL 413901, at *3 (N.D.Tex. Mar.11, 2002); *Donohue v. Francis Services, Inc.*, 2004 WL 1161366, (E.D.La. May 24, 2004).  Ultimately, there must be "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency."  *Id.* at *4. (citing *Barron v. Henry County Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003)).

Thus, the idea that conditional certification is only a formality allowing plaintiffs to sign off on some magic words before proceeding with notice and discovery is simply incorrect.  No court should ever encourage a party to submit evidence into the record that lacks plausibility, and while Defendants acknowledge that prior decisions may have encouraged that sort of thing, this Court has the discretion to put a stop to it.

**IV.    CONCLUSION.**

Based on the foregoing, Defendants respectfully ask the Court to disregard the declarations that Plaintiff submitted in support of his Renewed Motion for Conditional Certification.

Respectfully submitted,

/s/ *Andrew P. Burnside*
Andrew P. Burnside, TX Bar No. 24061200
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648.3840
Facsimile: (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

Mark A. McNitzky, TX Bar No. 24065730
Ogletree, Deakins, Nash, Smoak& Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
Telephone: (210) 354-1300
Facsimile: (210) 277-2702
Email: mark.mcnitzky@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. d/b/a INTEGRATED PRODUCTION SERVICES, INC., SPN WELL SERVICES, INC. f/k/a INTEGRATED PRODUCTION SERVICES, INC.**

## **CERTIFICATE OF CONFERENCE**

I certify that on August 30, 2019, counsel for Defendants contacted counsel for Plaintiff regarding the relief requested in this Motion. Counsel for Plaintiff notified counsel for Defendants that Plaintiff is opposed to the relief requested as set forth in this Motion.

*/s/Andrew P. Burnside*
Andrew P. Burnside

**CERTIFICATE OF SERVICE**

On this 30th day of August 2019, I electronically transmitted the foregoing using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Michael A. Josephson
Andrew W. Dunlap
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com


AND

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

          */s/ Andrew P. Burnside*
          Andrew P Burnside/Mark A. McNitzky

39821166.1
030979.000040