UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| AARON WOMACK, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SUPERIOR ENERGY SERVICES-NORTH AMERICA SERVICES, INC. and SPN WELL SERVICES f/k/a INTEGRATED PRODUCTION SERVICES, INC. | Docket No. 7:19-cv-0074<br><br>JURY TRIAL DEMANDED<br><br>FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE

**1.    A Motion in Limine is Improper.**

Defendants use an inappropriate procedure to make an unsubstantiated attack on Plaintiffs' declarations. They do this because they have no other means to defeat conditional certification. The limited scope of the motion in limine procedural device is clear:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977); *West v. City of Holly Springs, Mississippi*, No. 3:16CV79-MPM-RP, 2019 WL 2397805, at *1 (N.D. Miss. June 6, 2019). "When ruling upon motions in limine, evidence should not be excluded "unless it is clearly inadmissible on all potential grounds."" *Id.* (citing *Goode v. City of Southaven*, No. 3:17-CV-60, 2019 WL 1100556, at *1, (N.D. Miss. Mar. 7, 2019)).

Defendants here are not attempting to prohibit opposing counsel from mentioning specific evidence. *See* ECF 31. They do not argue the evidence is highly prejudicial to them; do not show that the declarations are "clearly inadmissible"; do not argue a motion to strike would be ineffective (nor has one been filed); and they make no reference to the impact on a jury. *Id.* In fact, Defendants

1

expressly bring this motion to attack the credibility, **not admissibility**, of the declarations, so they do not and cannot argue that the declarations are not properly before the Court. *Id.* Nothing in their Motion suggests that limine of the declarations is proper, or that a motion in limine can or should be used to argue the weight of evidence. This motion is a misfire, and its very use signals Defendants are merely grasping at straws by attempting to attack these valid declarations.

2. **Credibility Determinations are Premature.**

Not only is a motion in limine an inappropriate vehicle for such arguments, this attack is both untimely and unsubstantiated. As addressed in Plaintiffs' Reply, filed contemporaneously, determinations on the weight and credibility of supporting declarations should not be made at the initial stages of conditional certification. *See White v. Integrated Electronic Technologies, Inc.*, No. 11-2186,12-359, 2013 WL 2903070, at *6 (E.D. La. June 13, 2013). Courts throughout the country (including the Fifth Circuit) addressing arguments nearly identical to those proffered by Defendants have held that questions going to the weight or credibility of declarations submitted with a plaintiff's motion for certification are inquiries more appropriate for a later stage in the proceedings. *See id.* (certifying an FLSA collective action and holding that the defendants' arguments that the plaintiffs' declarations submitted with their motion for certification were undercut by their subsequent deposition testimony went to the credibility of the declarations and that it was inappropriate to determine such credibility issues at the notice stage)*; see also Lang v. DirecTV, Inc.,* No. 10-1085 "G"(1), 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011); *Santiago v. Amdocs, Inc.,* No. C 10-4317 SI, 2011 WL 6372348, at *7 (N.D. Cal. Dec. 19, 2011) ("Defendant raises a number of challenges to the credibility of various individuals who submitted declarations in support of plaintiffs' motion…. [C]ourts have repeatedly held that possible contradictions in testimony 'are matters of credibility for the factfinder, not individualized defenses' preventing collective treatment"); *Pendelbury v. Starbucks Corp.,* 518 F. Supp. 2d 1345, 1362 (S.D. Fla. 2007) (holding inconsistencies in plaintiffs' and class members' testimony "present issues

of credibility"); *Aros v. United Rentals, Inc.,* 269 F.R.D. 176, 180 (D. Conn. 2010) (holding that, at the conditional certification stage, "the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations").

In *Lang*, the defendants sought to have the plaintiffs' declarations stricken from the record in an effort to dissuade the court from granting conditional certification. 2011 WL 6934607, at *8–9. The *Lang* Court noted that boilerplate language in declarations was permissible and that

> simply because a declaration employs boilerplate language does not mean that the statements do not reflect personal knowledge. There is no rule that requires plaintiffs to compose affidavits in their own words, without the assistance of counsel, and common declarations may be reasonable where there is great similarity. Additionally, declarants can have personal knowledge about others by virtue of their job duties.

*Id.* at *9 (internal citations and quotations omitted). Ultimately, the *Lang* Court concluded that:

> [T]o the extent that these declarations exhibit deficiencies, striking them is a harsh remedy that is not mandated here, particularly given the light burden Plaintiffs must meet on a motion for conditional certification. Rather, such questions go to the weight or credibility of the declarations—an inquiry more appropriate for a later stage in these proceedings. **The declarations are sufficient to meet the 'minimal showing' required for conditional certification, and they need not be stricken**.

*Id.* at *10 (emphasis added).

Plaintiffs' evidence is proper and may not be disregarded as support for conditional certification merely because the language is similar or "cookie cutter."

Even the case law Defendants relied upon actually supports Plaintiffs' argument. Specifically, Defendants cite to *Bernstein v. Buckeye, Inc.*, No. MO:18-CV-097-DC-RCG, 2019 WL 2563848 (W. D. Tex. Mar. 18, 2019) (Griffin, J.) to show that "Certification [will be] denied where plaintiffs submitted "nearly identical, and sparse declarations." ECF 31, p. 5. This is wrong on both Counts.[1] In *Bernstein*, both the named plaintiff and opt-in declared that "other Mud Engineers … would be interested to learn that they may recover unpaid overtime from Buckeye if given the opportunity." *Id.* The

---

[1] Pun intended.

Magistrate Judge found this limited, identical testimony could not carry the plaintiff's burden to show other mud engineers were interested in joining the litigation. *Id.* **However, the district court sustained the plaintiff's objections on this point and granted conditional certification as revised.** *Bernstein v. Buckeye, Inc.*, No. 18-CV-097-DC, 2019 WL 2563841, at *3 (W.D. Tex. Apr. 24, 2019) (Counts, J.). This Court expressly found this minimal testimony, despite being characterized as "nearly identical," was sufficient evidence to carry the plaintiff's burden. *Id.* While Defendants acknowledge that their case was "adopted as modified," they fail to inform the Court that the express proposition they rely upon was later set aside. The ultimate holding in *Bernstein* reflects that "identical" or similar declarations do not dilute their value or reflect a lack of personal knowledge, and such declarations can be valid evidence in support of conditional certification. To the extent this Court will determine the value of the Plaintiffs' declarations, they are sufficient to carry the light burden imposed at this stage.

**3.     Similarity does not reflect a lack of personal knowledge or facts.**

Defendants spend a significant portion of their short motion proving the Court with rote case law. Specifically, they state that a plaintiff moving for conditional certification must provide a factual basis for his allegations and that declarations must be made on personal knowledge. ECF 31 at pp. 4-6., Plaintiffs do not contest this law. What Defendants' Motion in Limine fails to do, however, is demonstrate how that law applies here. Defendants' only argument seems to be that the similarity between the declarations (somehow) depletes them of factual content and invalidates the declarants' testimony that they were made with personal knowledge. It is unclear how this occurs.

Critically, this is merely another weight and credibility argument. Defendants cannot actually show the declarations, however similar, are not made on personal knowledge, nor can they dispute that each declaration contains specific facts as to the time worked, the nature of the work performed, or the relationship with the Defendants. Defendants also fail to explain their intimation that these

workers, who routinely execute contracts for work and/or were "self-employed with their own LLC's," ECF 30-1 at ¶ 5, would not comprehend the distinction between an "independent contractor" or "employer," ECF 31, p. 3. Nor do Defendants explain how use of these terms indicates some legal conclusion. In fact, every use of "independent contractor" in the declarations deals with how Defendants' classified these flowback operators (which they do not dispute), and each of these plaintiffs stated that "I believe Defendants treated me as an employee." ECF 22-1 through 22-3, at ¶ 16. This is not a legal conclusion and no basis to discredit the declarations. These declarations are not invalid or inconsequential because they recite similar or even identical facts. To the contrary "it is unfair to discredit the declarations as formulaic, given that they are trying to demonstrate the existence of a uniform policy. The fact that Plaintiffs had comparable experiences while working for Defendant is precisely the point the declarations are intended to convey." *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *6 (W.D. Tex. Oct. 5, 2015).

Even had Defendants moved under a proper procedural mechanism to achieve their goal, courts in the Fifth Circuit are reluctant to strike declarations merely because they are similar. *See, e.g.*, *Davis v. Capital One Home Loans, LLC*, No. 3:17-CV-3236-G, 2018 WL 3659066, at *5 (N.D. Tex. Aug. 2, 2018)("While the court recognizes the overt similarity between the submitted sworn statements, the court will not strike the sworn statements solely based on the similarity of their language"); *Clay v. Flounderdawg, LLC*, No. SA14CA923FBHJB, 2015 WL 13796448, at *5 (W.D. Tex. Mar. 24, 2015), report and recommendation adopted, No. CV SA-14-CA-00923-FB, 2015 WL 13796449 (W.D. Tex. June 2, 2015)(recommending granting conditional certification and denying motion to strike even though "some of the declarations recite essentially the same information as the others"); *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 760 (N.D. Tex. 2013)( holding the fact that many of the statements in the declarations are identical is not a sufficient ground to strike them. "The fact that the Declarations contain virtually identical assertions goes to their weight and credibility, not their admissibility."); *Page

5

*v. Nova Healthcare Mgmt., L.L.P.*, No. CIV.A. H-12-2093, 2013 WL 4782749, at *6 (S.D. Tex. Sept. 6, 2013)(denying motion to strike and considering declarations in support of conditional certification where defendant failed to show any hearsay, improper legal conclusions, or speculation in the declarations); *Lang*, 2011 WL 6934607, at *10 (to the extent that these declarations exhibit deficiencies, striking them is a harsh remedy that is not mandated here).

As addressed above, the first step of conditional certification is not the proper time to assess the credibility of evidence. *Id.* Defendants have not provided this Court with **any** basis to strike the declarations nor anything beyond pure conjecture that the declarations lack personal knowledge. Accordingly, the declarations are proper, admissible evidence that adequately support Plaintiffs' Renewed Motion for Conditional Certification.

**4.      Conclusion.**

For these reasons, Plaintiffs ask the Court to deny Defendants' Motion in Limine. Defendants may not utilize such a motion to request inappropriate relief from the Court, nor have offered any basis for the Court to disregard Plaintiffs' declarations offered in support of conditional certification.

Respectfully Submitted,

By: */s/ Andrew W. Dunlap*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Tel: (713) 352-1100
    Fax: (713) 352-3300
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

        **Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

### ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

On September 6, 2019, I served a copy of this document on all registered parties and/or their counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

        */s/ Andrew W. Dunlap*
        **ANDREW W. DUNLAP**