IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AARON WOMACK,<br>Individually and Behalf of All Others<br>Similarly Situated,<br>    *Plaintiff*,<br><br>v.<br><br>SUPERIOR ENERGY SERVICES –<br>NORTH AMERICA SERVICES, INC.<br>and SPN WELL SERVICES f/k/a<br>INTEGRATED PRODUCTION<br>SERVICES, INC.,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§   No. MO:19-CV-00074-DC-RCG<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER DENYING DEFENDANTS' MOTION IN LIMINE**

BEFORE THE COURT is Defendants Superior Energy Services – North America Services, Inc. and SPN Well Services f/k/a Integrated Production Services, Inc.'s (collectively, "Defendants") Motion in Limine to Prevent Consideration of "Cookie Cutter" Declarations Filed in Support of Conditional Certification (Motion in Limine). (Doc. 31). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 17). After due consideration, Defendants' Motion in Limine shall be **DENIED**. (Doc. 31).

## I. BACKGROUND

Plaintiff Aaron Womack (Plaintiff) filed his Original Collective Action Complaint against Defendants on March 18, 2019. (Doc. 1). Plaintiff sues for unpaid wages for his work as a Flowback Operator under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et. seq*. *Id*. Defendants provide oil-and-gas services in West Texas and other locations across the United States. (Doc. 9 at 4). Plaintiff alleges that Defendants misclassified him as an independent contractor and that he and other Flowback Operators were paid a "flat amount for each day

worked and did not receive overtime for all hours that they worked over 40 hours in a workweek in accordance with the FLSA." *Id.* at 2.

On August 5, 2019, Plaintiff filed his Motion for Conditional Certification seeking the certification of a class of: "All flowback operators who worked for, or on behalf of Defendants, who were classified as independent contractors and paid a day rate during the last three (3) years." (Doc. 22). In support of the motion, Plaintiff attached his own declaration, as well as the declarations of opt-in plaintiffs Johnny Johnson and Donald Rodriguez. (Docs. 22-1, 22-2).

On August 30, 2019, Defendants filed the instant Motion in Limine, requesting the Court disregard the declarations Plaintiff attached to his Motion for Conditional Certification "on the grounds that the testimony contained in those declarations is not credible." (Doc. 31 at 1). Plaintiff filed a Response to the Motion in Limine on September 6, 2019. (Doc. 32). Defendants then filed a Reply in Support on September 13, 2019. (Doc. 34). A hearing was held regarding several motions, including the instant Motion in Limine, on January 8, 2020. (Doc. 59). This matter is now ready for disposition.

## II.  DISCUSSION

The Court concludes that a motion in limine is the incorrect procedural mechanism to challenge the credibility of the declarations attached to Plaintiff's Motion for Conditional Certification. At the hearing on the matter, Defendants' counsel conceded the motion would have been more properly framed as a motion to strike the declarations. Accordingly, the Court will analyze the Motion in Limine as a motion to strike.

Defendants argue that because each of the declarations are nearly identical, they lack any "unique pieces of information to distinguish the declarants or suggest that the declarations are based on personal knowledge." (Doc. 31 at 3–4). Defendants further argue that the fact that each

declarant attests he worked forty-four hours of overtime per week "strains credulity." *Id.* at 5. Plaintiff argues in response that an assessment of the credibility of the declarations is inappropriate at the conditional certification stage. (Doc. 32 at 2). Plaintiff claims that even if credibility were to be determined at this stage, the similarity between the declarations does not evince a lack of credibility or personal knowledge. *Id.* at 4. Plaintiff asserts further that the similarity of the declarations demonstrates that this is case optimal for conditional certification, because they show a uniform policy applied to similarly situated plaintiffs. *Id.* at 5.

Courts have held that at the conditional certification stage, plaintiffs "need not present evidence in a form admissible at trial" and declarations should not be struck so long as they are based on a plaintiff's personal knowledge. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 762 (N.D. Tex. 2013) (collecting cases). Defendants correctly point out that the declarations recite nearly identical information. However, "plaintiffs need not compose affidavits in their own words." *Clay v. Flounderdawg, LLC*, No. 5:15-CV-923-FB-HJB, 2015 WL 13769448, at *5 (W.D. Tex. March 24, 2015) (citing *Lang v. DirecTV, Inc.*, No. 10-1085, 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011)). All that is required at the notice stage is that the potential plaintiffs "have personal knowledge of their own hours and compensation schemes, and they attest to having knowledge of the general compensation scheme utilized by their employer, thus meeting the personal knowledge requirement." *Id*. Here, the Court finds that the similarity of the declarations should not reflexively lead to the conclusion that the plaintiffs lack personal knowledge of their contents. To the contrary, each one states that "the facts contained in [the] declaration are within [the declarant's] personal knowledge and true and correct." (Doc. 22-1 at 2; Doc. 22-2 at 2; Doc. 22-3 at 2). Each declaration further states that the declarant acquired personal knowledge of the facts based on on-the-job experience, observations, and conversations.

*Id*. The Court finds no reason, at this stage, to find that the declarations are not based on personal knowledge.

For these reasons, and with an awareness of the leniency of the analysis at the notice stage of an FLSA case, the Court denies Defendants' Motion in Limine and declines to strike the declarations attached to Plaintiff's Motion for Conditional Certification.

### III.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion in Limine to Prevent Consideration of "Cookie Cutter" Declarations Filed in Support of Conditional Certification is **DENIED**. (Doc. 31).

It is so **ORDERED**.

SIGNED this 16th day of January, 2020.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE