**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| AARON WOMACK, § | | |
| Individually and Behalf of All Others § | | |
| Similarly Situated, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | No. MO:19-CV-00074-DC-RCG | |
| § | | |
| SUPERIOR ENERGY SERVICES – § | | |
| NORTH AMERICA SERVICES, INC. § | | |
| and SPN WELL SERVICES f/k/a § | | |
| INTEGRATED PRODUCTION § | | |
| SERVICES, INC., § | | |
| *Defendants*. § | | |

**ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION FOR
CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

BEFORE THE COURT is Plaintiff Aaron Womack's (Plaintiff) Renewed Motion for Conditional Certification and Court-Authorized Notice (Motion for Conditional Certification). (Doc. 22). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 17). The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g.*, *Esparza v. C&J Energy Servs., Inc.*, No. 5:15–CV–850-DAE, 2016 WL 1737147, at *1 (W.D. Tex. May 2, 2016) (noting conditional certification involves non-dispositive issues); *Wedel v. Vaughn Energy Servs., LLC*, No 2:15–CV–93, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 6, 2015) (same). After reviewing the record and relevant law, the Court **GRANTS IN PART** Plaintiff's Motion for Conditional Certification. (Doc. 22).

## I. BACKGROUND

On March 18, 2019, Plaintiff Aaron Womack (Plaintiff) filed his Original Collective Action Complaint against Defendants (Doc. 1). Plaintiff sues for unpaid wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et. seq.*, for his work as a Flowback Operator *Id*. Defendants provide oil-and-gas services in West Texas and other locations across the United States. (Doc. 9 at 4). Plaintiff alleges that Defendants misclassified him as an independent contractor and that he and other Flowback Operators were paid a "flat amount for each day worked and did not receive overtime for all hours that they worked over 40 hours in a workweek in accordance with the FLSA." *Id*. at 2. To meet their personnel needs, Defendants hire certain employees through third-party entities. *Id*. at 1. Plaintiff was hired through one such third-party entity, Energy Professionals Group, LLC (EPG). (Doc. 9 at 4).

On August 5, 2019, Plaintiff filed the instant Motion for Conditional Certification. (Doc. 22). Plaintiff seeks to conditionally certify the following class:

> **All Flowback Operators who worked for, or on behalf of Defendants, who were classified as independent contractors and paid a day rate during the last three (3) years.**

*Id*. If the Court conditionally certifies the class, Plaintiff requests the Court order Defendants to produce contact information of those potential class members. (Doc. 22 at 13). Plaintiff further moves the Court to approve his proposed method of notice, including the issuance of reminder notices and notice via email and text message. *Id*. Defendants filed a Response in Opposition on August 28, 2019. (Doc. 30). Plaintiff filed a Reply on September 6, 2019. (Doc. 33). On September 13, 2019, Defendants filed a Motion for Leave to file a Sur-Reply, which the Court granted. (Docs. 35, 60). The Court held a hearing on the Motion for Conditional Certification on January 8, 2020. (Doc. 59). Accordingly, this matter is now ready for disposition.

## II.   LEGAL STANDARD

An employee may bring an action for violations of the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under § 216(b) provides a procedure for plaintiffs to "opt-in," i.e., affirmatively notify the court of their intention to become parties to the collective action. *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the

---

[1] *See, e.g.*, *Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011).

plaintiff will be given the opportunity to send notice to potential class members. *Id*. After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id*. At that point, the court will fully evaluate the merits of the class certification. *Id*.

### III. DISCUSSION

The Court's analysis here need only address the first stage of the *Lusardi* inquiry. Plaintiff must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec–Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id*. Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

Defendants argue that: (1) the proposed class should not be conditionally certified because "the economic realities factors would require an individualized assessment" regarding each plaintiff's status as an independent contractor or employee; (2) Plaintiff fails to provide supporting testimony regarding "multiple work locations and/or other staffing companies"; (3) Plaintiff is not similarly situated to the potential class members because he has no knowledge of

4

Flowback Operators who worked for staffing companies other than EPG; and (4) the proposed class would cover individuals who have joined other lawsuits covering the same time period and type of work. (Doc. 30 at 1). Plaintiff argues that Defendants are attempting to increase the burden placed on plaintiffs during the conditional certification stage and that he has made an adequate showing of the three elements required to meet the lenient standard for conditional certification—that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647. The Court agrees with Plaintiff.

### A. Merits-Based Arguments Are Irrelevant at the Conditional Certification Stage

Plaintiff seeks to conditionally certify the following class: "All Flowback Operators who worked for, or on behalf of Defendants, who were classified as independent contractors and paid a day rate during the last three (3) years." (Doc. 22 at 5). Defendants argue that the Court should decline to conditionally certify this class because whether each plaintiff worked as an independent contractor or an employee would need to be determined on an individualized basis using the economic realities test. (Doc. 30 at 11–12). The Court finds that this argument goes to the merits of Plaintiff's claims and is therefore irrelevant to the question of collective treatment. Accordingly, this argument should not defeat Plaintiff's arguments for conditional certification.

To determine whether a worker is an employee or an independent contractor for purposes of the FLSA, courts in the Fifth Circuit use the economic realities test, which includes "five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the

worker's opportunity for profit and loss is determined by the alleged employer." *Andel v. Patterson UTI Drilling Co., LLC*, 280 F.R.D. 287, 290 (S.D. Tex. 2012). Courts are split regarding if the economic realities test should be used when determining whether to conditionally certify an FLSA collective action concerning an allegedly wrongful independent contractor designation. Compare *Rodriguez v. Flowers Foods*, Inc., No. 4:16-CV-245, 2016 WL 7210943, at *3 (S.D. Tex. Dec. 13, 2016) with *Andel*, 280 F.R.D. at 290; *see generally Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. 2012) (collecting divergent cases).

Some courts in the Fifth Circuit have found that misclassification involves the merits of the case and should not be considered during collective action certification. *See, e.g.*, *Gonzalez v. Tier One Sec., Inc.*, No. SA-12-CV-806-XR, 2013 WL 1455587, at *2 (W.D. Tex. Apr. 8, 2013) ("Defendants' argument that their classification of the [plaintiffs] as independent contractors (and not employees) wholly dictates that conditional certification is inappropriate is without merit."); *Jones v. JGC Dali. LLC*, No. 3:11-CV-2743O, 2012 WL 6928101, at *4 (N.D. Tex. Nov. 29, 2012) (economic realities test argument "is a merits-based argument, and courts are not to engage in merits-based analysis at the notice stage of a collective action."); *Walker*, 870 F. Supp. 2d at 471 ("The Court believes that the economic factors test is likely not appropriate for determination at the first stage of FLSA class certification.").

This Court has consistently held that the economic realities test is a merits-based inquiry that is irrelevant at the notice stage of FLSA class certification. *See Holt v. XTO Energy, Inc.*, MO:16-CV-162-RAJ, 2017 WL 1067816 (W.D. Tex. June 14, 2017). Accordingly, the Court finds that a dispute regarding the misclassification of the potential plaintiffs does not preclude conditional certification.

## B. Existence of Aggrieved Co-Workers

In Support of the Motion for Conditional Certification, Plaintiff submits his own declaration and the declarations of opt-in plaintiffs Johnny Johnson (Johnson) and Donald Rodriguez (Rodriguez). (Docs. 22-1, 22-2, 22-3). Plaintiff attests he worked for Defendants as a Flowback Operator from approximately September 2017 until April 2018. (Doc. 22-1 at 2). Johnson states he worked for Defendants as a Flowback Operator during the "Summer of 2017." (Doc. 22-2 at 2). Rodriguez attests he worked as a Flowback Operator from approximately October 2017 until December 2017. (Doc. 22-3 at 2). All three declarants claim that all Flowback Operators working for Defendants were paid a day rate and classified as independent contractors. (Doc. 22-1 at 2; Doc. 22-2 at 2; Doc. 22-3 at 2). The declarants claim they have personal knowledge of this based on their experience with Defendants, their observations on location, and their conversations with co-workers. *Id*.

At the notice stage, a district court may credit a plaintiff's assertion that aggrieved individuals exist where "there is a factual nexus that binds the named plaintiffs and potential class members as victims of a particular alleged policy or practice." *Pruneda v. Xtreme Drilling & Coil Servs., Inc.*, No. 5:16-CV-91-DAE, 2016 WL 8673853, at *8 (W.D. Tex. April 14, 2016) (quoting *Black v. Settlepou, P.C.*, No. 3:10–CV–1418–K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011)). Further, "allegations in pleadings and affidavits are generally sufficient to support a claim for conditional certification" and to establish a sufficient factual nexus to allow notice to potential opt-in plaintiffs. *Id*. (quoting *Pacheo v. Aldeeb*, No. 5:14–CV–121–DAE, 2015 WL 1509570, at *3 (W.D. Tex. Mar. 31, 2015)). However, the contents of affidavits and declarations must still be based on personal knowledge. *See Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 762 (N.D. Tex. 2013).

Defendants point out that the declarations attached to Plaintiff's Motion for Conditional Certification do not provide any information regarding Flowback Operators who performed work through a staffing company other than EPG. (Doc. 30 at 5). However, the Court finds it immaterial, at this stage, that the potential plaintiffs may have been staffed to Defendants via various third parties. Defendant has provided no reasoning as to why any potential plaintiffs who were staffed through alternate staffing companies would be dissimilar to the ones staffed through EPG. Consequently, the undersigned finds that the declarations provide the necessary factual showing that other aggrieved individuals exist.

### C. Aggrieved Co-Workers Similarly Situated to Plaintiff

Plaintiff, Johnson, and Rodriguez all attest that their main job as Flowback Operators was to ensure the quality of frac water and sand met Defendants' and clients' expectations. (Doc. 22-1 at 3; Doc. 22-2 at 3; Doc. 22-3 at 3). Additionally, the Flowback Operators "conduct well-site testing operations, including[] collecting and recording readings from the monitoring system and flowback equipment, assisting in the rig-up process, assisting in the drill out process, and monitoring tanks to assure proper measure[s] are in place." *Id*. Further, Plaintiff and the opt-ins claim that Defendants classified them (and other Flowback Operators) as independent contractors and paid them a day rate with no overtime compensation. (Doc. 22-1 at 1; Doc. 22-2 at 1; Doc. 22-3 at 1).

At the notice-stage under *Lusardi*, a plaintiff need only provide substantial allegations that class members were victims of a single decision, policy, or plan. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). A plaintiff is not required to show that class members are identical. *Walker*, 870 F. Supp. 2d at 468. Rather, plaintiffs must show that class

members are "similarly situated . . . in relevant respects given the claims and defenses asserted." *Id.* at 466.

Defendants argue Plaintiff has failed to show that he is similarly situated to all potential plaintiffs and is thus an improper class representative. (Doc. 30 at 7–9). Defendants again argue that Plaintiff has alleged nothing exhibiting personal knowledge of potential plaintiffs who worked for staffing companies other than EPG. *Id*. Defendants further argue that the declarations attached in support of Plaintiff's Motion for Conditional Certification lack credibility because they are all identical and misstate that the declarants were "exclusively employed by Defendants" when some of the plaintiffs have opted into separate lawsuits covering the same time period and involving the same type of work. (Doc. 30 at 9–10). The Court finds these arguments insufficient in defeating Plaintiff's Motion for Conditional Certification.

Plaintiff has provided sworn declarations alleging the potential class members performed similar jobs and were victims of the same policy. At this stage, Plaintiff has made the "modest factual showing" required to demonstrate that he and other potential plaintiffs are similiarly situated. *See Pedigo*, 666 F. Supp. at 698.

### D.  Similarly Situated, Aggrieved Individuals Want to Opt-In

Plaintiffs and opt-in plaintiff's declarations state that:

> Through conversations, I know there is a general interest among Flowback Operators in recovering back wages that we are entitled to through this collective action. Based on these conversations, I believe that other Flowback Operators would be interested to learn about their rights and their opportunity to join this lawsuit.

(Doc. 22-1 at 4; Doc. 22-2 at 4; Doc. 22-3 at 4). Considering the lenient standard at this stage, the Court finds Plaintiff has made a sufficient showing that others wish to join this suit. *See, e.g.*, *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 514 (W.D. Tex. 2015); *Pacheco v.*

9

*Aldeeb*, 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015) (two declarations attesting "many" current and former employees would join lawsuit found to be a sufficient basis for conditional certification); *Reid v. Timeless Restaurants, Inc.*, 3:09-CV-2481-L, 2010 WL 4627873, at *3 (N.D. Tex. Nov. 5, 2010) (finding "evidence from two individuals who experienced similar employment pay practices . . . and [who] stated that they are aware of others who also experienced them" sufficient to support motion for conditional certification); *Tolentino*, 716 F. Supp. 2d at 653 (finding two declarations of similarly situated individuals and complaint sufficient to demonstrate the existence of employees who would opt-in).

In sum, Plaintiff has demonstrated: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647. Accordingly, the Court conditionally certifies the following class:

> **All Flowback Operators who worked for, or on behalf of Defendants, who were classified as independent contractors and paid a day rate during the three years preceding the date of this Order.**

## IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Conditional Certification is **GRANTED IN PART**. (Doc. 22).

Regarding notice to the potential plaintiffs, the parties are **ORDERED** to confer in an attempt to agree upon the content and form of notice as well as an appropriate manner for distributing it.

If the parties cannot agree on the content, form, and distribution of notice, Defendants are **ORDERED** to file any remaining objections to Plaintiff's proposed notice.

It is finally **ORDERED** that the parties shall file a status update with the Court regarding the pending discovery motions (Docs. 42, 52, 54) on or before **February 14, 2020**, indicating the issues that remain between the parties in light of the rulings contained in this Order.

It is so **ORDERED**.

SIGNED this 16th day of January, 2020.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE